# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-655V
(UNPUBLISHED)

| | | |
|---|---|---|
| ARDENA WHITE, | * | Special Master Katherine E. Oler |
| Petitioner, | * | Filed: November 22, 2019 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Decision on Stipulation; Entitlement; Damages; Tdap; SIRVA; Shoulder Injury Related to Vaccine Administration; Lump sum. |
| Respondent. | * | |

*Edward Kraus*, Law Offices of Chicago-Kent, Chicago, IL, for Petitioner.
*Camille Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION ON STIPULATION[1]

On May 18, 2017, Ardena White ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) as a result of the Tdap vaccination she received on June 30, 2014. *Id*.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. ' 300aa-10-' 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. ' 300aa.

Respondent denies that Petitioner sustained a SIRVA Table injury or that the Tdap immunization caused Petitioner's shoulder injury or any other injury. Stip. ¶ 6, dated November 22, 2019, ECF No. 49.

Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed on November 22, 2019 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation. Stip. ¶ 7.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

1. A lump sum of $50,000.00 in the form of a check payable to Petitioner.

Stip. ¶ 8.  This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

> **s/ Katherine E. Oler**
> Katherine E. Oler
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice of decision not to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ARDENA WHITE,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | No. 17-655V<br>Special Master Katherine E. Oler<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA") allegedly related to petitioner's receipt of the tetanus, diphtheria, acellular pertussis vaccine ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Tdap vaccination on or about June 30, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she sustained a shoulder injury meeting the Table definition of SIRVA, within the time period set forth in the Table, and experienced the residual effects of this alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

1

6. Respondent denies that petitioner sustained a SIRVA Table injury and denies that the Tdap immunization is the cause of petitioner's alleged shoulder injury, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $50,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccine administered on or about June 30, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about May 18, 2017, in the United States Court of Federal Claims as petition No. 17-655V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged shoulder injury or any other injury or condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature]*

ARDENA WHITE

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

EDWARD KRAUS
Law Offices of Chicago-Kent
College of Law
Chicago, Illinois
(312) 906-5072

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of Injury Compensation
    Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

DATE: 1/22/2019

5